# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOEY KADMIRI,

    Plaintiff,

vs.

JASON RICH, *et al.*,

    Defendants.

Case No. 2:11-cv-00857-RLH-PAL

**SCREENING ORDER**

Plaintiff submitted this prisoner civil rights action in pro se pursuant to 42 U.S.C. § 1983 and his application to proceed in *forma pauperis* was granted. Plaintiff has paid the required initial installment. The Court screened the original complaint and found that plaintiff was required to amend his conspiracy claim in order to proceed as to all claims. Pursuant to 28 U.S.C. § 1915A, the Court has screened the amended complaint.

**II.  LEGAL STANDARDS**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)–(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915(e). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th

Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Finally, all or part of a complaint filed by a prisoner may be dismissed sua sponte if the prisoner's claims lack an arguable basis in law or in fact. This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.   ANALYSIS

Plaintiff alleges his civil rights were violated by the Jason Rich and John Hoffman of the Las Vegas Metropolitan Police Department on December 11, 2009, when they conspired to obtain an arrest warrant based on a "ficticious" [sic] affidavit and, on March 16, 2010, when the defendants arrested him and imprisoned him on insufficient evidence to support probable cause in violation of his rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks injunctive relief through dismissal of the charges and expungement of any record related to the charges as well as monetary damages. This action has been commenced within two years of the plaintiff's arrest and it is timely under the statute of limitations imposed for § 1983 actions. *Owens v. Okure*, 488 U.S. 235, 249-250, 109 S.Ct. 573 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938 (1985); *see also Matthews v. Macanas,* 990 F.2d 467, 469 (9th Cir.1993) ("Where false arrest or illegal search and seizure is alleged, the claim accrues from the date of the wrongful arrest")*; Venegas v. Wagner,* 704 F.2d 1144, 1146 (9th Cir. 1983) ("where false arrest or illegal search and seizure is alleged, the conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs").

<u>False Arrest</u>

Plaintiff's claims as to False Arrest are colorable and may proceed as previously discussed by the Court in its original screening order.

///

Conspiracy

Section 1985(3) provides a right of action where a conspiracy to interfere with a constitutionally or federally protected right is motivated by racial or otherwise class-based invidiously discriminatory animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S.Ct. 1790 (1971); *see also Barbour v. Merrill*, 48 F.3d 1270, 1280 (D.C.Cir.1995) (§ 1985(3) is violated whenever two or more persons conspire "to deprive [a person] of the equal protection of the laws or of equal privileges and immunities under the laws"), *cert. dismissed*, 516 U.S. 1155, 116 S.Ct. 1037 (1996). "Section 1985(3) provides no rights itself; it merely provides a remedy for violations of the rights it designates." *Great American Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). Section 1985(3) requires a plaintiff to allege (1) conspiracy, (2) to deprive any person or a class of persons of the equal protections of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. *Gillespie v. Civiletti,* 629 F.2d 637, 641 (9th Cir. 1980); *see also Sever v. Alaska Pulp Corp,* 978 F.2d 1529, 1536 (9th Cir. 1992). A claim of conspiracy must be pleaded with particularity and specifically demonstrate with material facts that defendants reached an agreement to violate plaintiff's rights. *City of Omaha Employees Betterment Association v. City of Omaha*, 883 F.2d 650, 652 (8th Cir.1989) (citation omitted).

Plaintiff has also sufficiently amended his conspiracy claim to state sufficient facts to proceed. He alleges the defendants conspired to deny him equal protection on the basis of his race and religion.

**IV.    CONCLUSION**

The amended complaint may proceed as drafted against all defendants on all claims.

**IT IS THEREFORE ORDERED** that the action may proceed on the amended complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue summons for defendants Jason Rich and John Hoffman and deliver same, along with three copies of the

complaint, to the U.S. Marshal for service. The Clerk shall send to plaintiff twp (2) USM-285 forms, one copy of the complaint and a copy of this order. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

DATED: November 9, 2011.

_____
UNITED STATES MAGISTRATE JUDGE