# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Joey Kadmiri,

    Plaintiff

v.

Jason Rich and John Hoffman,

    Defendants

Case No.: 2:11-cv-857-JAD-NJK

**Order Granting Motion for Summary Judgment**

    This civil-rights action arises out of plaintiff Joey Kadmiri's arrest for suspected theft. Kadmiri filed suit on May 26, 2011, and has not filed anything since submitting a change-of-address notice on February 8, 2012.[1] Notices sent to him have been returned as undeliverable since February 27, 2012, though Kadmiri attended a motion hearing before Magistrate Judge Peggy Leen on September 18, 2012.[2] Las Vegas Metropolitan Police Department ("Metro") officers Jason Rich and John Hoffman filed a motion for summary judgment on January 7, 2013, which Kadmiri has wholly failed to oppose.[3] After reviewing the record and law, I grant the defendants' motion.[4]

---

[1] Docs. 1, 17.

[2] *See* Docs. 21, 24.

[3] Docs. 48, 51.

[4] Plaintiff was timely provided with the notice required under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). Doc. 49. The court finds this motion appropriate for resolution without oral argument. LR 78-2. The court also liberally construes all of Kadmiri's pro se motions and

1

**Background**

Jennifer Zatkovich is a medical assistant in a Las Vegas doctor's office.[5] In the morning of November 21, 2009, she left her purse on her office chair, only to return and find Kadmiri standing in her office.[6] He said he was looking for a patient and kept stuttering; she directed him to the waiting room.[7] After a patient identified Kadmiri as her son and asked for him, Zatkovich looked for him, but he was not in the waiting room and his car was gone.[8] Zatkovich soon discovered that her wallet was missing from her purse.[9] Around 1 PM, she saw the patient walk out to her ride's vehicle, a black Mercedes.[10] The credit-card company later told her that her card was used at the Speedee Mart located at 9301 W. Sahara Avenue, Las Vegas, Nevada at 12:47 p.m.[11] According to John Fredrickson, who works in Speedee Mart management, Zatkovich's card was used at two Speedee Mart pumps.[12] Surveillance video showed a black car parked at one of these pumps; the vehicle with it was a green SUV.[13] Officer Rich also urges that a still surveillance shot of an occupant of the green SUV, taken inside the Speedee Mart, matched a booking photograph of

---

pleadings. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

[5] Doc. 48-1 at 2.

[6] *Id.* at 2–3.

[7] *Id.*; Doc. 48-14 at 6.

[8] Doc. 48-1 at 2–3; Doc. 48-14 at 6–7.

[9] *Id.* at 3.

[10] *Id.*

[11] *Id.* Though these statements by the credit-card company and Speedee Mart management are contained in Zatkovich's authenticated affidavit, they are hearsay. No admissible evidence is offered to support the information contained in these statements. I therefore include this information only as context and not as any finding of fact.

[12] *Id.* at 3–4.

[13] *Id.* at 4.

1 Kadmiri that was previously taken at the Clark County Detention Center.[14]

2 Officer Rich argues that he was the only person who swore out the declaration on which an arrest warrant issued against Kadmiri.[15] Kadmiri was subsequently charged in state court with having Zatkovich's credit card in his possession with the intent to defraud her.[16] In a separate complaint, he was charged with escaping, or trying to escape, from the lawful custody of Officers Rich and Hoffman as they held him on the credit-card-related charge.[17] Kadmiri pled guilty to escape on September 22, 2011.[18] In his plea negotiations, the other charge against him was dropped.[19]

Officer Hoffman attests that the only function he performed in conjunction with this case was assisting Officer Rich in carrying out an arrest warrant against Kadmiri on March 16, 2010.[20] The summary-judgment motion argues the reasons Officer Rich had probable cause when he swore out a declaration on which a warrant issued against Kadmiri,[21] but Officer Rich does not provide any affidavit or declaration describing how he was involved in Kadmiri's arrest.

In a screening order, the magistrate judge found that Kadmiri stated two claims: false arrest and false imprisonment.[22] He failed to state a conspiracy claim and was permitted 30 days to amend

---

[14] Doc. 48 at 5. Officer Rich's arguments regarding the booking photograph and warrant declaration are not substantiated by an affidavit or authenticated evidence, so again, this information is provided only for background purposes and does not constitute any finding of fact.

[15] *Id.*

[16] Doc. 48-8-7 at 2.

[17] Doc. 48-10 at 2.

[18] Doc. 48-18 at 2.

[19] *Id.*

[20] Doc. 48-19 at 2.

[21] *See, e.g.*, Doc. 48 at 4–5.

[22] Doc. 8 at 4–5.

his complaint on that count, but Kadmiri never did.[23]

## Discussion

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[24] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[25] If reasonable minds could differ on material facts, summary judgment is inappropriate because summary judgment's purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[26]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[27] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[28] The court only considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[29]

---

[23] *See id.* at 6–7.

[24] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[25] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[26] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[27] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[28] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[29] Though defendants provide extensive exhibits, I am unable to consider all the documents and the video clip they attach. Under *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002), Docs. 48-1, 48-2, 48-14, and 48-19 are authenticated on personal knowledge. Defendants fail to authenticate Docs. 48-3, 48-4, 48-5, 48-6, 48-9, 48-12, 48-16, 48-17, and 48-20. I take judicial notice of the remaining exhibits because they are records from the Nevada state courts: Docs. 48-7, 48-8, 48-10, 48-11, 48-13, and 48-15.

Kadmiri's complaint alleges that Officer Rich willfully and wantonly committed "[c]rimes against public justice by executing, signing, and stating false probable cause" by declaring that he could "positively identify plaintiff as suspect, upon comparing booking photo with video still."[30] He appears to characterize this conduct as both false arrest and false imprisonment. But the Ninth Circuit recognizes that "if a plaintiff has alleged conduct that clearly amounts to false arrest, but has called his claim one for 'false imprisonment,' the court will not simply accept that latter characterization."[31] I therefore construe Kadmiri's allegations as a single claim for false arrest.[32]

Defendants argue that the Supreme Court's 1994 *Heck v. Humphrey* decision prevents Kadmiri from maintaining a claim for false arrest.[33] In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.[34]

In other words, " the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."[35] For Kadmiri to sustain his false-

---

[30] Doc. 4 at 3.

[31] *Doe v. Holy See*, 557 F.3d 1066, 1095 (9th Cir. 2009) (citing *Blaxland v. Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1204–06 (9th Cir. 2003)).

[32] Even if I analyzed false arrest and false imprisonment separately, I would have to conclude under the same logic that Kadmiri's valid criminal sentence renders both claims equally *Heck*-barred.

[33] Doc. 48 at 10–18 (also arguing the existence of probable cause, that the filing of a criminal complaint that immunizes investing officers, federal qualified immunity, and state discretionary immunity).

[34] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (footnote omitted) (emphasis in original).

[35] *Id.* at 487 (footnotes omitted) ("[If] it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.").

arrest claim, I would need to find that his sentence, related to the conduct for which he was arrested, was invalidated. Kadmiri offers no evidence or argument to support such a conclusion; he does not even respond to this motion, which was filed nearly two years ago.[36] And even if he had, escape under Nevada law is defined as absconding either from prison or from "the lawful custody of an officer."[37] The record shows that Kadmiri pled guilty to escaping arrest, a plea that implicitly admits he was in lawful custody and a plea that would be inappropriate if he were wrongfully held.

I therefore find that Kadmiri's false-arrest claim is *Heck*-barred because, on this record, a claim for false arrest would call into question the validity of the sentence that Kadmiri received.

## Conclusion

Accordingly, and with good cause appearing,

It is hereby ORDERED that Jason Rich and John Hoffman's motion for summary judgment **[Doc. 48] is GRANTED**.

The Clerk of Court is instructed to enter judgment in favor of the defendants on all claims and close this case.

DATED December 11, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[36] Doc. 48.

[37] NRS 212.090.

6